UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| J.S. *by and through their next friends S.S. and E.S.*, | Case No. 6:21-cv-01430-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| EUGENE SCHOOL DISTRICT 4J, | |
| Defendant | |

**KASUBHAI,** United States District Judge:

This case relates to Plaintiff's appeal of an administrative law judge's ("ALJ") decision issued pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("the IDEA"); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq. ("Section 504"); and Or. Rev. Stat. § 343.175 against Defendant Eugene School District 4J. Before the Court are (1) Plaintiff's Motion for Attorney Fees, Expenses, and Costs (ECF No. 72); and (2) Defendant's Counterclaim for Attorneys' Fees, Expenses, and Costs (ECF No. 79). For the reasons below, Plaintiff's motion is granted in part and Defendant's motion is denied.

/ / /

/ / /

/ / /

## BACKGROUND[1]

Following a dispute between Plaintiff's parents and Defendant related to an individualized education plan ("IEP") under the IDEA, Plaintiff initiated an administrative due process hearing before the Oregon Department of Education. The issues before the ALJ were: whether Defendant denied Plaintiff a Free Appropriate Public Education ("FAPE") in violation of the IDEA; and whether Defendant denied Plaintiff a FAPE under Section 504 by acting with deliberate indifference toward Plaintiff's need for specially designed instruction, services, and accommodations. Compl. Ex. 1 at 16, ECF No. 1-1. The ALJ concluded that the record did not establish that Defendant violated the IDEA and Section 504 and denied Plaintiff's request for relief. *Id*. at 31. During the administrative hearing, Defendant raised the issue of whether parents who initiate a due process hearing with both IDEA claims and Section 504 claims are entitled to a transcription of the hearing at no cost. Pl.'s Mot. for Att'y Fees ("Pl.'s Mot.") 2, ECF No. 72. The ALJ ordered Plaintiff's parents to pay 25% of the transcript costs. Sherman Second Decl. Ex. 7 at 3:12-6:11, ECF No. 82-1.

Plaintiff sought judicial review of the ALJ's decision, and this Court affirmed the ALJ's final order, including on the issue of transcript costs. ECF Nos. 52, 60. Plaintiff appealed, and the Ninth Circuit affirmed this Court on all issues except the requirement that Plaintiff's parents bear a portion of transcript costs. On the issue of transcript costs, the Ninth Circuit found that "[Plaintiff's] parents were entitled to transcription at no cost to them because [Plaintiff's] Section 504 claims before the ALJ were all based on the denial of a [free and appropriate public education]." Ninth Cir. Mem. 5, ECF No. 65. Following that decision, Defendant issued Plaintiff

---

[1] A more complete factual background relating to the underlying the merits of this case is set forth in this Court's May 19, 2023 Findings and Recommendation. ECF No. 52.

a $9,139.92 check to reimburse him for the 25% he had previously paid for the transcript. Hungerford Decl. ¶ 3, ECF No. 78.

## DISCUSSION

**I.    Plaintiff's Motion**

Plaintiff seeks to recover a portion of the attorney fees and costs he incurred during the litigation. He contends that because he prevailed on the issue of transcript costs, he is a "prevailing party" entitled to attorneys' fees under both the IDEA and Section 504. Defendant argues (A) that Plaintiff is not a "prevailing party" entitled to fees and costs; and (B) that any potential recovery is barred by the IDEA based on Plaintiff's rejection of settlement offers. Because the Court finds for Plaintiff on these issues for the reasons discussed below, it also addresses (C) the reasonableness of the fees and costs sought by Plaintiff.

    **A.    Prevailing Party Status**

        1.    <u>Standard</u>

"In the United States, parties are ordinarily required to bear their own attorney fees." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 602 (2001). "Congress, however, has authorized the award of attorney fees to the 'prevailing party' in numerous statutes." *Id.* Under both the IDEA and Section 504, reasonable attorney fees are available to a "prevailing party." 20 U.S.C. §1415(i)(3)(B)(i); 29 U.S.C. § 794a.

The term "prevailing party" is a term of art, defined as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon*, 532 U.S. at 603 (quoting Black's Law Dictionary 1145 (7th ed.1999)). More specifically, "[a] prevailing party for the purpose of awarding attorney's fees is a party which 'succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'"

*Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

  2. <u>Application</u>

  Defendant first argues that Plaintiff is not entitled to attorney fees because he did not prevail on any of the relief sought or, at minimum, that any success was *de minimis*. On this issue, the Supreme Court has explained:

> Where the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*, a district court would be justified in concluding that even the "generous formulation" we adopt today has not been satisfied. The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley*, not to the availability of a fee award *vel non*.

*Tex. St. Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) (internal citations omitted).

  In arguing that Plaintiff is not a prevailing party, Defendant relies in part on the Ninth Circuit's decision in *Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489 (9th Cir. 1994). There, the plaintiff in a suit brought under the IDEA sought attorney fees even though "[n]one of the eight types of relief requested were granted." *Id*. at 1498. The ALJ in that case had memorialized an understanding between the parties that an IEP meeting must take place six to eight weeks earlier than would have occurred otherwise. *Id*. The plaintiff argued that because that memorialization formally ordered that understanding, the order "changed the legal position of the parties." *Id*. The Ninth Circuit upheld the district court's decision to deny attorney fees, finding that "[i]f the order did change the position of the parties, it did so in only the slightest fashion," and noting that the issue about the timing of the IEP meeting was "incidental" and "completely unrelated" to the plaintiff's substantive claims. *Id*. Because the "*de minimis* change

was achieved before the hearing officer issued his order, not a result of that order.…The causal link [was] missing" between the ALJ's order and any change in position between the parties. *Id*.

Similar to the reasoning of the Ninth Circuit in *Parents of Student W.*, Defendant here contends that Plaintiff is not a prevailing party because he did not "obtain[] any of the relief for which he brought suit," and transcript fee issue was only incidental to the merits of Plaintiff's case. Def.'s Resp. in Opp. to Mot. for Att'y Fees ("Def.'s Resp.") 4-5, ECF No. 77. But there are significant differences between *Parents of Student W.* and this case that compel a different result here. Most significantly, Plaintiff recovered a monetary award as a result of his success on the transcript fee issue. In the Ninth Circuit, "[a] party may be accorded prevailing party status by being awarded some relief by the court, even if only an award of nominal damages." *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 865 (9th Cir. 2004) (internal quotations and citation omitted). This monetary award changed the legal position between the parties because Defendant would otherwise not have been required to refund the portion of the transcript fees paid by Plaintiff. In addition, Plaintiff obtained a favorable ruling that affects his and others' rights in future complaints brought under the IDEA and Section 504.

Second, although Defendant is correct that the transcript fee issue only came up during the hearing (and therefore was not among the requests for relief made to the ALJ at the outset), it was specific relief sought by Plaintiff which the ALJ affirmatively denied. Moreover, Plaintiff *did* list recovery of the transcript fees as among the requests for relief from this Court in bringing suit. Compl. ¶ 59(u) (asking the Court to find "[t]hat Parents who request a due process hearing under the IDEA and Section 504 should not be required to pay a portion of the due process hearing transcription costs.").

Finally, the "causal link" between a change in legal status between the parties—missing in the *Parents of Student W*—is present here. Unlike in that case, where the ALJ's order was a mere formalization of an existing agreement between the parties, the ultimate decision here was a contested legal issue ultimately resolved by the Ninth Circuit. That decision resulted in Defendant being required to refund Plaintiff the portion of the transcript fee he paid.

The Court finds that Plaintiff is a prevailing party for purposes of recovering attorney fees. Defendant's arguments—about the tangential nature of the issue Plaintiff prevailed on, the limited time and space spent on it in briefing and oral argument, and the fact that Plaintiff lost on the more significant aspects of his claim—are better addressed in assessing the reasonableness of the fees, not in deciding whether Plaintiff is a "prevailing party." *See Tex. State Tchrs. Ass'n*, 489 U.S. at 792 ("the degree of the plaintiff's overall success goes to the reasonableness of the award . . . not to the availability of the fee award").

### B.     IDEA Attorney Fee Recovery Bar

Second, Defendant argues that even if Plaintiff were deemed a prevailing party, his recovery of attorney fees is barred under the IDEA. The IDEA provides:

> Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if--
> (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
> (II) the offer is not accepted within 10 days; and
> (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

20 U.S.C. § 1415(i)(3)(D)(i).

Defendant argues that because Plaintiff did not timely accept two settlement offers made within the required time and did not obtain relief more favorable than those offers, the IDEA

bars his recovery of attorney fees. Plaintiff contends that the IDEA's bar to recovery of attorney fees does not apply because he seeks fees based on a Section 504 claim rather than an IDEA claim, and because his rejection of Defendant's settlement offers were substantially justified. Because the Court agrees with Plaintiff on his first argument, it does not reach the second.

As noted above, Plaintiff brought claims under both the IDEA and Section 504, both of which include provisions for attorney fees. There is nothing in the text of the IDEA's attorney fee bar to suggest that Congress's intent was to bar attorney fees otherwise available under other statutes. To the contrary, the IDEA provides that "[n]othing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under . . . other Federal laws protecting the rights of children with disabilities." 20 U.S.C. § 1415(l).[2] Plaintiff is therefore entitled to attorney fees pursuant to Section 504 independent of the IDEA.

### C.     Reasonableness of Fees and Costs

#### 1.     Standard

Determination of reasonable attorney fees begins with the "lodestar" method, which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) (quoting *Hensley*, 461 U.S. at 433). The hourly rate should be in line with those "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and

---

[2] Indeed, the Supreme Court recently examined how the addition of this provision, affected parties' rights under Section 504 under previously existing caselaw. *See A. J. T. by & through A. T. v. Osseo Area Sch., Indep. Sch. Dist. No. 279*, 145 S. Ct. 1647, 1657 (2025). *A.J.T.* explicitly acknowledged that the addition of the provision to the IDEA superseded an earlier Supreme Court decision which had held that "we cannot believe that Congress intended to have the careful balance struck in the [IDEA] upset by reliance on § 504 for otherwise unavailable damages or for an award of attorney's fees." *Smith v. Robinson*, 468 U.S. 992, 1021 (1984). Thus, the rule in *Smith* no longer applies and attorney fees are available under Section 504 even if they may be unavailable under the IDEA.

reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

The party seeking an award of fees bears the burden of supporting the hourly rates claimed and documenting the appropriate number of hours worked. *Id*. There is a strong presumption that the lodestar method produces a reasonable amount of attorney fees. *Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 564-65. However, the court may adjust the lodestar through consideration of any of the following "*Kerr*" factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). A rote recitation of the relevant factors is unnecessary if the court adequately explains the basis for its award of attorney fees. *McGinnis v. Ky. Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

    2.    <u>Attorney Fees</u>

Plaintiff seeks 25% of the $215,357 attorney fees he incurred litigating this case before this Court and the Ninth Circuit ("merits fees"), totaling $53,839.25. Plaintiff also seeks to recover the full amount of attorney fees expended litigating the issue of attorney fees ("fees-on-fees"), which total $17,320. *See* Sherman Decl. Ex. 5, ECF No. 73-5 (documenting $9,715.00 in fees); Sherman Second Decl. Ex. 4, ECF No. 82-4 (documenting an additional $7,605.00 in fees).

a)     Merits Fees

With respect to Plaintiff's request for 25% of attorney fees incurred while litigating the merits of this case, Plaintiff fails to carry his burden to show that such an amount is reasonable. While the hourly rates are sufficiently supported by the record, Plaintiff's fails to show that the hours expended are reasonable. Plaintiff explains that he should be entitled to 25% of his fees because he succeeded on one out of four issues before the Ninth Circuit. Sherman Decl. ¶ 24. This explanation ignores well settled law on awarding attorney fees for partial success. When a party achieves only partial success on their claims, the Ninth Circuit requires district courts to conduct a two-part analysis:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. *Hensley,* 461 U.S. at 434-35, 103 S.Ct. at 1939-40. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435, 103 S.Ct. at 1940.

*Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986).

Here, the Court's analysis starts and ends with the first step, because Plaintiff's successful claim is unrelated to his unsuccessful ones. In general, related claims are those that have a common core of facts or are based on related theories. *Id.* Plaintiff's claim that he was entitled to a transcript at no cost is ancillary to his substantive claims. While the transcript issue arose *because* he brought those claims, his entitlement to them did not involve evaluation of the same facts as those underlying his IDEA and Section 504 claims, and the legal question at issue is discrete and wholly distinct. In other words, the time expended on litigating the transcript fee issue is easily segregable from time spent on the other claims and issues in the case. In reviewing Plaintiff's submission, Sherman Decl. Ex. 3, the Court was able to identify the following time spent by Plaintiff's counsel and staff related specifically to the transcript fee issue:

| Staff Member | Rate | Time | Total |
|---|---|---|---|
| Ray Veach (Law Clerk) | $125.00 | 68.1 | $8,512.50 |
| Kim Sherman (Attorney) | $200.00 | 4.3 | $860.00 |
| JPW (Attorney) | $175.00 | 2.7 | $472.50 |
| Mary Beth Williams (Law Clerk) | $125.00 | 1.0 | $125.00 |
| Sara Sherman (Secretary) | $55.00 | 0.4 | $22.00 |
| **TOTAL** | | **76.5** | **$9,992.00** |

The Court finds that the rates charged for each attorney, clerk, and secretary are reasonable and sufficiently supported by the record. *See* Sherman Decl. ¶¶ 12-23. The Court has also considered the relevant *Kerr* factors, set forth above, and does not find a basis to disturb the presumptively reasonable lodestar calculation as already reduced based on Plaintiff's partial success. Accordingly, the Court finds that Plaintiff is entitled to the $9,992.00 the Court can specifically attribute to the transcript fee issue on which Plaintiff prevailed.

        b)    *Fees on Fees*

In addition to fees incurred litigating Plaintiff's case, Plaintiff also seeks $17,320 in fees incurred litigating the issue of his entitlement to attorney fees. "Recoverable attorney's fees may include fees incurred while doing work on the underlying merits of the action ('merits fees') as well as fees incurred while pursuing merits fees ('fees-on-fees')." *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995). However, the Supreme Court has explained:

> fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation. For example, if the Government's challenge to a requested rate for paralegal time resulted in the court's recalculating and reducing the award for paralegal time from the requested amount, then the applicant should not receive fees for the time spent defending the higher rate.

*Comm'r v. Jean*, 496 U.S. 154, 163 n. 10 (1990).

Page 10 — OPINION AND ORDER

One method of ensuring that fees-on-fees reflect the degree of success as required by the Supreme Court in *Hensley* is to reduce such fees in direct proportion to the reduction of merits fees. *Thompson*, 45 F.3d at 1367. In *Thompson*, the district court had "ruled that plaintiffs could recover fees-on-fees only to the degree that their underlying application for merits fees was successful." *Id*. at 1366. There, because the plaintiffs were awarded 87.2% of the total merits fees, the district court reduced the fees-on-fees by the same percentage in order to ensure that those fees reflected the degree of success on the claim for merits fees. *Id.* at 1367. The Ninth Circuit affirmed the district court's approach, explaining that: "If *Hensley* required defendants to pay 100 pennies on the dollar in fees-on-fees for every twelve pennies they successfully trim from merits fees, defendants would have little incentive to raise legitimate objections to improper billing entries, and plaintiffs would have every incentive to feather their nest." *Id*. at 1368. Under that rationale, the Court upheld the district court's formula for reducing fees-on-fees. *See also Harris v. McCarthy*, 790 F.2d 753, 759 (9th Cir. 1986) (upholding the same formula applied by a district court).

Here, Plaintiff recovered only 18.5% of the merits fees he sought in bringing this motion. As in *Thompson*, the Court finds it appropriate to reduce the total fees-on-fees sought by Plaintiff to reflect Plaintiff's degree of success in seeking merits fees. The Court therefore awards 18.5% of the $17,320.00 in fees-on-fees sought, which totals $3,204.20.[3]

---

[3] The Court recognizes that some of the fees-on-fees at issue relate to hours spent responding to Defendant's countermotion for attorney fees rather than those directly related to Plaintiff's own motion. However, given the close relationship between both motions and the degree to which Plaintiff's time sheets fail to delineate hours spent between them, the Court finds it appropriate to apply the percentage reduction to the whole of Plaintiff's requested fees-on-fees.

       3.       Taxable Costs

Finally, Plaintiff seeks to recover $451.09 in costs related to the litigation before this Court as well as $1,089.15 in costs related to the Ninth Circuit appeal for a total of $1,540.24. Under Fed. R. Civ. P. 54(d)(1), costs are allowed to a prevailing party. As explained above, Plaintiff is a prevailing party for purposes of determining the availability of attorney fees and costs. There is "a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). Here, other than objecting to Plaintiff's "prevailing party" status, Defendant makes no specific objections to Plaintiff's bill of costs. Plaintiff provides sufficient documentation that the costs incurred were necessary. *See* Sherman Decl. ¶¶ 30-31; Ex. 6. Because Defendant has failed to show why Plaintiff's costs should not be awarded, costs are taxed against Defendant in the amount of $1,540.24.

In sum, the Court finds that Plaintiff is entitled to $9,992.00 in merits fees, $3,204.20 in fees on fees, and $1,540.24 in costs.

## II.    Defendant's Counterclaim

Defendant asserts a counterclaim for attorney fees on the basis that Plaintiff's Motion for Attorney Fees is "frivolous, unreasonable, and without foundation." Def.'s Resp. 2. Under the IDEA, a court has the discretion to award reasonable attorney fees "to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation." 20 U.S.C. § 1415(i)(3)(B)(II). Defendant does not seek fees based on the merits of the underlying substantive claims, but only on Plaintiff's motion for attorney fees.

Here, the Court has ruled in favor of Plaintiff on his motion. For the same reasons set forth above with respect to Plaintiff's motion, the Court finds that Plaintiff's Motion for Attorney

Fees was not frivolous, unreasonable, or without foundation. Defendant's Countermotion is therefore denied.

## CONCLUSION

For the reasons above, Plaintiff's Motion for Attorney Fees, Expenses, and Costs (ECF No. 72) is GRANTED IN PART. Plaintiff is awarded attorney fees in the amount of $13,196.20. Costs shall be taxed against Defendant in the amount of $1,540.24. Defendant's Counterclaim for Attorneys' Fees, Expenses and Costs (ECF No. 79) is DENIED.

DATED this 22nd day of July 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge